IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLIE ANN MADISON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2213-M |
| | § | |
| PUEBLO STATE HOSPITAL | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* civil action has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is an unspecified action brought by Billie Ann Madison, a resident of Dallas, Texas, against Pueblo State Hospital. On November 19, 2009, plaintiff tendered a one-page handwritten complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case,[1] the court granted leave to proceed *in forma pauperis* and allowed the

---

[1] The court questions the veracity of the financial information provided by plaintiff in her application to proceed *in forma pauperis* and supporting documents. According to plaintiff, she earns $10,000 per month as an employee of ABC Television, receives $500 per month in social security payments, and owns real estate in 18 states. A financial status questionnaire completed by plaintiff in another case indicates that she has $2,740 in monthly living expenses and unspecified debts requiring monthly payments totaling $8,500. Taking these allegations at face value, the court concludes that plaintiff should be allowed to proceed *in forma pauperis*.

complaint to be filed. Upon further review, the court now determines that this action should be summarily dismissed as frivolous.

II.

Plaintiff alleges that she was admitted to Pueblo State Hospital from "the Whitehouse" on January 3, 2003. When she arrived at the hospital, plaintiff states:

> I was taken to the seclusion room by Barella Hansen and Scott Davell [ ] Where I threw the tray after demanding to call my mom and attorney. I was strapped, belt buckled, and tied town 500 (1 by 1) times and monitored from January 3, 2003 thru December 16, 2004. The employees and police at Pueblo State Hospital followed me to Texas. Something happen[ed] to John Ramirez and Ronald Reagan.

(*See* Plf. Compl. at 1). Plaintiff does not specify the relief she seeks in this lawsuit.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes, *inter alia*, that the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint is without an arguable basis in law if it is grounded upon an untenable or discredited legal theory. *Neitzke*, 109 S.Ct. at 1831. A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

B.

Plaintiff does not present a logical set of facts to support any claim for relief. Instead, she claims to have been taken from the "Whitehouse" to a state mental hospital in January 2003. After spending nearly two years in seclusion at the hospital, plaintiff alleges that she was followed to Texas by the police and unknown hospital employees. Plaintiff concludes her complaint by questioning what happened to a John Ramirez and former president Ronald Reagan. Dismissal is clearly warranted under these circumstances. *See, e.g. Patterson v. U.S. Government*, No. 3-08-CV-1730-K, 2008 WL 5061800 (N.D. Tex. Nov. 25, 2008) (dismissing complaint alleging that plaintiff was being tracked daily by a remote control bracelet, that the President of the United States called plaintiff's pastor to discuss the situation, that plaintiff received messages from anonymous sources and through television ads instructing her to return to her husband, and that someone at a family crisis center threatened to put plaintiff in a dungeon); *Melton v. American Civil Liberties Union*, No. 3-07-CV-0856-M, 2007 WL 2263953 (N.D. Tex. Jul. 30, 2007) (dismissing complaint alleging that ACLU and its attorneys, acting as unregistered Russian agents, violated plaintiff's civil rights and those of other Americans by using the courts to attack the United States Constitution and set up a Communist government); *Jackson v. Johnson*, No. 3-05-CV-1230-H, 2005 WL 1521495 (N.D. Tex. Jun. 27, 2005), *rec. adopted*, 2005 WL 1668084 (N.D. Tex. Jul. 13, 2005), *appeal dism'd*, No. 05-10939 (5th Cir. Jan. 16, 2006) (dismissing complaint alleging that FBI conspired with local and state police to invade plaintiff's privacy through "highly sophisticated surveillance techniques, computerized mind control, and satellite weaponry"); *Johnson v. Drug Enforcement Agency*, No. 3-04-CV-0410-G, 2004 WL 813214 (N.D. Tex. Apr. 14, 2004), *rec. adopted*, 2004 WL 948265 (N.D. Tex. May 3, 2004), *appeal dism'd*, 137 Fed.Appx. 680, 2005 WL 1444386 (5th Cir. Jun. 21, 2005)

(dismissing complaint alleging that DEA implanted a radio transmitter beneath plaintiff's scalp and forced him to ingest various chemical and sleep-inducing drugs); *Daniel v. FBI*, No. 3-03-CV-1281-N, 2003 WL 21436479 (N.D. Tex. Jun. 17, 2003), *rec. adopted*, 2003 WL 21555130 (N.D. Tex. Jul. 8, 2003) (dismissing complaint alleging that FBI stalked, harassed, and tried to poison plaintiff because she ran as a write-in candidate for President of the United States); *Decker v. Fleming*, No. 3-02-CV-2075-P, 2002 WL 31548766 (N.D. Tex. Nov. 12, 2002) (dismissing complaint alleging that federal prison officials opened-up plaintiff's mind "where they could listen to my thinking in Psychology Dept.").

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 8, 2009.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE